ON SUGGESTION OF ERROR.

May 26, 1952 (59 So. (2d) 75)

Butler, Snow & O'Mara, for appellant.

418

**McGehee, C. J.**

On this suggestion of error the appellant does not reargue the question of whether or not it was guilty of negligence in connection with the death of the decedent, E. J. Stringer, but addresses the argument to the question (1) of whether or not this Court erred in holding that since the answer of the appellant, as defendant in the trial court, did not plead as an affirmative defense that

Mrs. Stringer, who came to her death on the same occasion, survived her husband, no issue of survivorship was presented, even though evidence on that point was admitted without any objection on the part of the appellee, as plaintiff; and (2) whether or not this Court erred in not holding that the question of whether or not Mrs. Stringer survived her husband for only a few moments is controlling on the question of damages and that the proof of her survivorship merely tended to reduce the damages and was not an affirmative defense which had to be specially pleaded.

At the conclusion of the evidence offered by the plaintiff, the defendant requested a directed verdict in its favor, setting forth six specific grounds therefor, and all of which were directed to the alleged insufficiency of the proof to show that the defendant was guilty of any negligence which proximately caused, or contributed to, the death of the decedent, E. J. Stringer.

The question of whether or not Mrs. Stringer survived him was not set up as an affirmative defense to defeat any liability for damages, that is to say in bar of the alleged cause of action, although the defendant introduced some testimony, without objection on the part of the plaintiff, which tended to show that Mrs. Stringer had survived her husband. The question of her survivorship was called to the attention of the trial court in two refused instructions to the jury which would have informed the jurors that in the event they should believe from a preponderance of the evidence that Mrs. Stringer survived her husband, the amount of the verdict, if any, should be for nominal damages only, or in such amount as would compensate for the loss of the companionship of her husband during the brief period of time that she survived him.

Even though the proof of the survivorship of the wife would have been competent for the purpose in connection with which it was introduced, that is to

say as tending to reduce the amount of the actual damages, the Court is still of the opinion that the two instructions referred to were properly refused since under Section 1453, Code of 1942, either the administrator of E. J. Stringer, deceased, or his wife, Mrs. Stringer, would have been entitled to bring the suit if she survived him, the suit by the administrator being for the benefit of the person or persons entitled to the damages, and the recovery not being limited to nominal damages, since the statute provides for "such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." See also New Deemer Mfg. Company v. Alexander, 122 Miss. 859, 85 So. 104, 107; and Gordon v. Lee, 208 Miss. 21, 33, 43 So. (2d) 665.

Applying the measure of damages above stated, the Court is unable to say that the amount of the verdict in the sum of $15,000 is so grossly excessive as to justify the Court in ordering a remittitur, when considering as competent proof the fact that Mrs. Stringer may have survived her husband for a brief period. The suggestion of error is therefore overruled.

Overruled.

**Hall, Lee, Arrington** and **Ethridge, JJ.** concur.