287 So.2d 258 (1973)
Pauline SMITH, Executrix of Estate of Bessle C. Smith, Deceased
v.
Wayne GARRETT et al.
No. 47321.
Supreme Court of Mississippi.
December 17, 1973.
Edwin Tharp Cofer, John T. Keeton, Grenada, for appellant.
Appellee did not file brief.
ROBERTSON, Justice:
Under the provisions of Section 11-7-13, Mississippi Code of 1972 Annotated (Supp. 1973), [Section 1453, Mississippi Code 1942 Annotated (Supp. 1972)], the wrongful death statute, Pauline Smith, as executrix of the Last Will and Testament of Bessie C. Smith, Deceased, brought suit against B.I. Minyard and Ben Hughes in the Circuit Court of Leflore County for the wrongful death of the decedent.
The deceased was a widow and left no children, no father, no mother, no brother and no sister. The defendants offered $18,500 in full settlement of the suit. The executrix petitioned the Chancery Court of *259 Grenada County to authorize and approve the compromise offer. The petition also stated:
"Petitioner further prays that upon the hearing hereon, the Court will order the sum of the money offered in compromise and settlement after the payment of said attorney's fee to be paid to petitioner, as Executrix of said Estate, there to be controlled by, and to pass under, the residuary clause of the Last Will and Testament of BESSIE C. SMITH, deceased, and not under the laws of descent and distribution for intestate successions."
The Last Will and Testament of Bessie C. Smith provided:
"ITEM 9. I hereby give, devise and bequeath unto MISS PAULINE SMITH, the remainder and residue of all my property of every kind and character, whether real, personal or mixed, and wheresoever located."
The executrix and sole residuary legatee was a sister-in-law of the deceased.
Eleven first cousins were named as defendants in the petition for approval of the compromise settlement and for distribution to the sole residuary legatee. Personal service of summons was had on the five cousins living in Mississippi and the six non-resident cousins were served by published summons. An attorney for a cousin living in Flint, Michigan, filed an entry of appearance for her but made no answer and was not present at the hearing. Arthur Garrett, a cousin, and a resident of Bolivar County, Mississippi, attended the hearing without counsel. He testified only as to the reasonableness of the compromise offer, but made no claim either orally or in writing to any part of the proceeds of the settlement.
The Chancellor ruled:
"It is the Court's conclusion that the proceeds shall be used, as if they were intestate property, to satisfy all debts of the estate, including a commission thereon of five per cent (5%) to the Executrix and, of course, the fee of her Solicitor for services in the suit which has been fixed and is likely already satisfied, but no other expenses of the administration shall be paid therefrom, and the net remaining thereafter shall be paid to the first cousins of decedent."
The Final Order contained this language:
"Said remaining $10,000.00 is hereby adjudged to be intestate property, and shall pass under the Laws of Descent and Distribution for the State of Mississippi."
Pauline Smith appeals and here contends that the court erred in not finding that the net proceeds of the compromise settlement should be paid to her as sole residuary legatee under the last will and testament of the deceased.
None of the eleven first cousins, as appellees, was represented by counsel in this Court, and no brief on behalf of any appellee has been filed. We could reverse this case and render judgment for the appellant because of the failure to file a brief under the authority of Transcontinental Gas Pipe Line Corporation v. Rogers, 284 So.2d 304 (Miss. 1973); Jackson v. Walker, 240 So.2d 606 (Miss. 1970); Charles F. Hayes and Associates v. Blue, 233 So.2d 127 (Miss. 1970); United States Fidelity and Guaranty Co. v. State, 204 So.2d 852 (Miss. 1967).
But we think it would be helpful to the bench and bar of the State to consider this case on its merits and to determine what the Legislature meant when it said:
"If the deceased have neither husband, nor wife, nor children, nor father, nor mother, nor sister, nor brother, then the damages shall go to the legal representative, subject to debts and general distribution, ..." § 11-7-13, Miss. Code 1972 Annotated (Supp. 1973), [§ 1453, *260 Miss. Code 1942 Annotated (Supp. 1972)], (Emphasis Added).
The other pertinent parts of the wrongful death statute provide:
"Whenever the death of any person shall be caused by any real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, ... and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.
"... Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and such damages shall be distributed as follows:
"Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, nor wife, nor children, nor father, nor mother, nor sister, nor brother, then the damages shall go to the legal representative, subject to debts and general distribution, ..." (Emphasis added).
A first cousin is not named or listed as a relative of the deceased who could bring an action for his or her wrongful death. Neither is a first cousin named or listed anywhere in the statute as a dependent or beneficiary of the deceased. Yet the wrongful death statute created a cause of action unknown to the common law, and must be strictly construed. Logan v. Durham, 231 Miss. 232, 95 So.2d 227 (1957). In construing this statute, we are bound to consider the fact that the Legislature studiously avoided any mention of a first cousin as a dependent, beneficiary, or representative of the deceased who could bring an action for wrongful death. In the case at bar, only Pauline Smith, as executrix, could bring this action as the personal representative of the deceased.
*261 The Chancellor construed this language:
"If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, ..." (Emphasis added),
to mean that after the payment of debts, then the damages should be distributed as intestate property under the provisions of the statute on descent and distribution [§§ 91-1-3 and 91-1-11, Miss. Code 1972 Annotated, §§ 468 and 472, Miss. Code 1942 Annotated]. This would mean that the damages would go to the first cousins, who were not mentioned in the statute nor in the last will and testament of the deceased. The last will and testament of Bessie C. Smith, deceased, solemnly stated:
"[A]nd intending to dispose of all my property and estate upon my death, do make, publish and declare this my Last Will and Testament, ...
"ITEM 1. I desire that my funeral expenses and all my just debts be first paid, and after the payment of my funeral expenses and debts, the residue and remainder of my property I dispose of as follows:
......
"ITEM 9. I hereby give, devise and bequeath unto MISS PAULINE SMITH, the remainder and residue of all my property of every kind and character, whether real, personal or mixed, and wheresoever located."
This language from Section 539, Mississippi Code 1942 Annotated (Section 91-7-91, Mississippi Code 1972 Annotated), sheds some light on the intent of the Legislature when it used the term "subject to debts and general distribution" in the wrongful death statute:
"The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to his estate after his death from the sale of property, real or personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets, and shall stand chargeable with all the just debts and funeral expenses of the deceased, and the expenses of settling the estate; ..." (Emphasis added).
It appears to us that the intent of the Legislature was that, if there were no surviving heirs as specifically named and listed in the wrongful death statute, the damages recovered in a wrongful death action would become an asset of the estate to be used as any other asset in the payment of the just debts of the estate and then any residue to be distributed according to the last will and testament of the deceased, if there were a will, or under the statute of descent and distribution if there were no will.
The Legislature was very careful to provide that if there were surviving heirs among those specifically named and listed that:
"Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, ... ." (Emphasis added).
The Legislature was just as careful to make an exception when there were no surviving heirs among those specifically listed. In that event, the damages recovered would become just another asset of the estate and be subject to debts and then distribution in accordance with the intent of the testatrix as solemnly expressed in her last will and testament.
It would have been a simple matter for the Legislature to have provided otherwise if this were not its intent. Alabama, in its wrongful death statute, provided:
"[A]nd the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but *262 must be distributed according to the statute of distributions." Code of Alabama, Title 7, § 123 (Emphasis added).
Likewise, Missouri, in its wrongful death statute, specifically provided: "[A]nd the amount recovered shall be distributed according to the laws of descent." § 537.080 RSMo 1969.
The net proceeds recovered under the wrongful death statute should be distributed to Miss Pauline Smith as sole residuary legatee under the last will and testament of the testatrix, Bessie C. Smith.
The decree of the Chancery Court is, therefore, reversed and judgment rendered here for the appellant.
Reversed and rendered.
GILLESPIE, C.J., and INZER, SMITH and BROOM, JJ., concur.