# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00854-SCT

*TRK, LLC d/b/a TIMBER RIDGE TOWNHOUSE*
*APARTMENTS, B&B MANAGEMENT GROUP,*
*LLC AND TARA BURNSIDE*

*v.*

*VIVIAN MYLES, INDIVIDUALLY AND ON*
*BEHALF OF ALL WRONGFUL DEATH*
*BENEFICIARIES OF ENRIQUE L. MYLES,*
*DECEASED AND/OR LJW., A MINOR, BY AND*
*THROUGH HER MOTHER AND NEXT FRIEND,*
*JANNA WARNSLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2014 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | JAMES ASHLEY OGDEN |
| | WENDY LOONEY |
| | JAMES W. SMITH, JR. |
| | BERNARD C. JONES, JR. |
| | MICHAEL FRANKLIN HELD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES GRADY WYLY, III |
| | MICHAEL FRANKLIN HELD |
| | ADAM B. HARRIS |
| ATTORNEYS FOR APPELLEES: | JAMES ASHLEY OGDEN |
| | JAMES W. SMITH, JR. |
| | BERNARD C. JONES, JR. |
| | SHANNON M. JONES |
| | ASHLEY JONES MOSLEY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.　After Enrique Myles's death, his mother—Vivian Myles—filed this wrongful-death suit. Later, the parties became aware Enrique was survived by a minor child—LJW. Rather than dismissing the case for lack of standing, as requested by the defendant, the circuit judge allowed LJW to be substituted as the plaintiff. This interlocutory appeal of that decision followed, raising two related questions. First, when a decedent is survived by his child, does the decedent's mother have standing to file a wrongful-death action? Second, if not, must the circuit judge dismiss the complaint, or may the circuit judge remedy the lack of standing by substituting the child as plaintiff?

¶2.　Because Mississippi's wrongful-death statute specifically grants the decedent's mother standing to file the wrongful-death suit, even where a surviving child exists, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.　Vivian Myles—who is Enrique L. Myles's mother, and who believed she was his sole heir—filed this wrongful-death lawsuit on behalf of Enrique's wrongful-death beneficiaries.[1] The defendants answered but later requested a stay when Janna Warnsley claimed that Enrique was the natural father of her child. The defendants argued that if Enrique was the child's father, Vivian lacked standing to file the suit. The defendants later supplemented

---

[1] The complaint alleged Enrique had been killed during a robbery at the Timber Ridge Townhouse Apartments and that TRK, LLC d/b/a Timber Ridge Townhouse Apartments, B&B Management Group, and Tyra Burnside had failed to provide adequate security in response to similar incidents.

their motion with a copy of the chancery-court petition, claiming that "Enrique L. Myles is the natural father of [LJW]," and asking the chancellor to find that LJW was Enrique's sole wrongful-death beneficiary.

¶4. LJW, by and through her mother, then moved to intervene in the wrongful-death action. Vivian responded, stating she had no objection to LJW's intervention. The defendants, however, opposed LJW's intervention, insisting that if LJW was a wrongful-death beneficiary, then Vivian was not and the lawsuit had to be dismissed because the filing plaintiff lacked standing.

¶5. After the circuit judge denied the defendants' requested stay, the defendants moved for summary judgment, claiming that the chancery court had adjudicated LJW to be Enrique's heir, that Vivian lacked standing, and that the wrongful-death action had to be dismissed. In response, LJW moved to substitute herself as plaintiff. Vivian responded, arguing she had standing to file the wrongful-death action, and that LJW's existence did no more than to deny her a right to recover damages. She did not oppose LJW's motion to substitute.

¶6. During the hearing on the motion for summary judgment, Vivian's counsel suggested any issue of standing could be remedied if she voluntarily dismissed her complaint and LJW filed a new one. The defendants responded that the case must be dismissed by the court as a matter of law. So the circuit judge heard the parties' arguments on the merits and later denied the defendants' summary-judgment motion and granted the motion to substitute. The

3

defendants then petitioned this Court for interlocutory appeal. We granted the petition and stayed proceedings in the circuit court.

¶7.    Later, LJW and Vivian filed a motion to dismiss the appeal, stating:

4.    Plaintiff Vivian Myles, AGREES with the Petitioners that she did not have standing to sue as the wrongful death beneficiary, as the deceased had an unborn child at the time of his death. This heir would be the person with the proper standing to bring the suit. A paternity test has confirmed the minor child is the sole heir to the deceased. Enrique Myles' minor child, LJW, at the time of his death, was his sole wrongful death beneficiary and heir at law with proper standing to file suit.

5.    Respondent agrees LJW, at the time of Enrique Myles' death, was the sole heir and wrongful death beneficiary. Further, Petitioners concede that LJW is a proper party plaintiff and wrongful death beneficiary and heir.

6.    Respondent agrees to dismiss the present lawsuit without prejudice to allow the proper heir, LJW, to file a Complaint.

7.    No prejudice to the parties will occur if Petitioners' Petition for Interlocutory Appeal is dismissed and the parties are directed to dismiss the current Complaint without prejudice so the proper heir and wrongful death beneficiary may file a new Complaint.

8.    Any further briefing by the parties regarding the Petition for Interlocutory Appeal would be a waste of time and resources for both this Court and the parties. There is no need for this Court to consider if Vivian Myles lacked proper standing to bring suit because the parties agree that Vivian Myles lacked proper standing and the correct person to bring the suit is the minor LJW. It would not promote judicial economy for the parties to fully brief this matter when the Respondent has now agreed with the Petitioners on the issue of who the correct heir is to bring the lawsuit. This issue is now moot.

4

¶8.     The defendants responded and opposed the motion to dismiss. They argued this Court should address the legal question presented to it, and that the Court should tax Vivian and LJW with all costs and fees incurred during the litigation. Vivian and LJW then filed a rebuttal, explaining they were not abandoning their long-asserted view of the law, but rather had:

> chosen to just agree with the Defendants' request to refile the complaint. Why? Because it is the more practical, judicially economic response instead of quibbling over an outcome that does not matter since the outcome reaches the same end result. It is easier to just agree with the request of the Defendant to move the case forward and save the Court and parties the wasted time.

¶9.     A panel of this Court denied the motion to dismiss.

¶10.    The defendants then filed a motion to hold LJW and Vivian in contempt and impose sanctions, claiming that LJW had filed a new wrongful-death action in the Hinds County Circuit Court. According to the defendants, filing the new complaint violated this Court's stay of proceedings in the trial court. The defendants asked this Court to order LJW to dismiss the new complaint and to award the defendants all costs associated with defending the new complaint.

¶11.    Vivian and LJW each responded. LJW argued that she had filed her new complaint because she feared the statute of limitations would soon run and she had to protect herself in the event this Court concluded the first complaint should have been dismissed. She also argued this Court's stay, by its specific terms, applied only to the cause number on appeal, not other proceedings in the circuit court. Finally, she pointed out that the defendants'

5

motion for contempt attacked her for doing exactly what they had demanded all along: that she file her own wrongful-death action. Vivian responded that she was not a party to the new suit.

¶12. The parties then filed their briefs. The defendants argued the circuit judge had erred by granting the motion to substitute and denying the motion for summary judgment because Vivian lacked standing to file this complaint, and the filing plaintiff's lack of standing cannot be corrected by substituting a different party. They also argue LJW is judicially or equitably estopped from arguing that Vivian had standing because she took a contrary position in the motion to dismiss this appeal. LJW—whose counsel filed the appellee's brief—argues that this appeal is moot because she has filed a new complaint.

## ANALYSIS

### I. Whether the Court should reconsider the motion to dismiss this appeal.

¶13. In her brief, LJW effectively reasserts the motion to dismiss this appeal, which a motions panel of this Court already has denied. She argues the Court's decision should now be different because she has filed a new wrongful-death complaint. The defendants do not agree the appeal should be dismissed, arguing this Court must at least determine whether LJW should be held in contempt for filing the second complaint, and whether LJW and Vivian should be taxed with the costs of this appeal. The defendants also contend that the second-filed complaint is invalid because the first complaint has not been dismissed and

6

Mississippi's wrongful-death statute allows only one suit.[2]  Because the motions panel already denied the motion to dismiss, and LJW offered to dismiss this litigation and file a new complaint in that motion, we find that this issue already has been conclusively decided.[3]

## II. Whether LJW is judicially or equitably estopped from arguing Vivian had standing to file this wrongful-death action.

¶14.    As discussed above, when Vivian and LJW filed the motion to dismiss this appeal, the motion stated "Plaintiff Vivian Myles, AGREES with the Petitioners that she did not have standing to sue as the wrongful death beneficiary" and "[t]here is no need for this Court to consider if Vivian Myles lacked proper standing to bring suit because the parties agree that Vivian Myles lacked proper standing."  But, after the defendants opposed that motion, Vivian and LJW responded, stating they did not actually agree with that point of law, but had simply decided that "[i]t is easier to just agree with the request of the Defendant to move the case forward and save the Court and parties the wasted time."  Now, in her brief, LJW argues Vivian had standing.

¶15.    The defendants argue LJW is judicially or equitably estopped from arguing Vivian had standing because she has taken inconsistent positions while this case has been on appeal. Practically speaking, by invoking these doctrines to estop LJW's argument on appeal, the defendants effectively ask this Court to reverse the trial judge's ruling—whether he erred or

---

[2] Miss. Code. Ann. § 11-7-13 (Supp. 2016).

[3] *See **Crawford v. State***, 2016 WL 4141748, *7 (Miss. Aug. 4, 2016) (recognizing preclusive effect of ruling by a motions panel).

7

not—because LJW cannot defend his ruling. We have found no authority—and the defendants cite none—to suggest this Court may reverse a trial judge's correct ruling because the appellee takes inconsistent positions on appeal.

¶16. But, even accepting that these doctrines could function in this way, they do not apply here. "The doctrine of '[j]udicial estoppel is designed to protect the judicial system and applies where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice."'"[4] "A party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions."[5] "'Judicial estoppel precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.'"[6]

¶17. Here, LJW arguably has taken inconsistent positions on appeal. She joined a motion saying Vivian lacked standing to file this complaint but has now filed a brief arguing Vivian had standing. Giving effect to the plain language of the motion, it unequivocally agreed Vivian lacked standing. But this Court has not "accepted the previous position," particularly

---

[4] *Clark v. Neese*, 131 So. 3d 556, 560 (Miss. 2013) (quoting *Kirk v. Pope*, 973 So. 2d 981, 991 (Miss. 2007)).

[5] *Clark*, 131 So. 3d at 560 (citing *Kirk*, 973 So. 2d at 991).

[6] *Clark*, 131 So. 3d at 560 (quoting *In re Estate of Richardson*, 903 So. 2d 51, 56 (Miss. 2005)).

because the acceptance prong looks to whether the party "benefitt[ed] from that position." LJW's prior position in the motion to dismiss was designed to bring this litigation to an end. This Court denied that motion.

¶18.    The defendants also argue LJW should be equitably estopped from changing her position.  "Equitable estoppel 'precludes a party from denying a material fact which he has previously induced another to rely upon, whereby the second party changed his position in such a way that he would suffer injury if denial was allowed.'"[7] But here, no one relied upon LJW's prior position.  As stated above, LJW made that statement to support a motion to dismiss which the defendants opposed and this Court denied.

### III.    Whether Vivian had standing to file this wrongful-death action.

¶19.    In ***Burley v. Douglas***, this Court explained who has standing to file suit under Mississippi's wrongful-death statute.[8]   There, James Burley filed a wrongful-death action relating to the deaths of his daughter and grandsons.[9]  The defendants claimed Burley lacked

---

[7] ***Gulf Guar. Life Ins. v. Duett***, 671 So. 2d 1305, 1309 (Miss. 1996) (quoting ***Christian Methodist Episcopal Church v. S & S Constr. Co., Inc.***, 615 So. 2d 568, 571–72 (Miss. 1993)).

[8] ***Burley v. Douglas***, 26 So. 3d 1013, 1017–23 (Miss. 2009).

[9] ***Id.*** at 1015.

9

standing to file suit.[10]  The circuit judge dismissed Burley's suit, insofar as it related to the

deaths of his grandsons, for lack of standing.[11]  This Court reversed,[12] explaining:

> The Statute provides three categories of potential wrongful-death claimants who may commence a wrongful-death action. The action may be brought "(1) by the personal representative on behalf of the estate and all other persons entitled to recover; (2) by one of the wrongful death beneficiaries on behalf of all persons entitled to recover; or (3) by 'all interested parties. . . . '" Each category of potential wrongful-death claimants has an equal right to initiate the suit.[13]

On appeal, LJW contends Vivian had standing to file this wrongful-death action under each

of the three grounds.  We conclude Vivian had standing as a member of the second category.

*Standing As Wrongful-Death Beneficiary*

¶20.   LJW argues Vivian had standing to file suit as one of the statutorily identified family

members who may be a wrongful-death beneficiary.  "The Statute provides a list of certain

identified family members of the decedent, whom we shall call 'listed relatives,' who may

bring a wrongful-death action. The Statute enumerates only the decedent's 'widow or

children  . . . or husband or father or mother, or sister, or brother. . . . '"[14]

---

[10] ***Id.***

[11] ***Id.*** at 1016.

[12] ***Id.*** at 1025.

[13] ***Id.*** at 1017–18 (quoting ***Long v. McKinney***, 897 So. 2d 160, 168 (Miss. 2004) (emphasis added); citing ***J.J. Newman Lumber Co. v. Scipp***, 128 Miss. 322, 91 So. 11 (1922)).

[14] ***Burley***, 26 So. 3d at 1020 (quoting Miss. Code. Ann. § 11-7-13 (Rev. 2004)).

¶21. Importantly,

> [t]he wrongful-death statute differentiates between who has the authority, or standing, to bring the suit and which wrongful-death claimants may recover what damages, and when they may do so. The Statute confers priority as to which listed relatives may recover damages, but it does not play favorites regarding which potential wrongful-death claimant may bring the suit. The paragraph concerning who may bring the action simply lists the prospective plaintiffs (the personal representative, listed relatives, and interested parties) in a series, separated by "or." No potential wrongful-death claimant has priority over another.[15]

¶22. The defendants argue Vivian lacked standing because, as second-tier, wrongful-death beneficiary, she cannot recover damages. But, this argument fails because the Court's holding in **Burley** "recognize[d] the statutory distinction between a party's authority to bring the wrongful-death action and the party's ability to recovery [sic] damages from it."[16] Under Mississippi's wrongful-death statute, a mother may not recover damages as a second-tier beneficiary where, as here, the decedent has a surviving child.[17] But, under the statute, any of the enumerated family members, including a parent, has standing to file a wrong-death action, whether they will be entitled to the damages or not.

¶23. The defendants argue that **Burley** does not hold that any listed relative has standing to sue. Rather, the defendants argue **Burley** merely holds that no priority exists between the three wrongful-death beneficiary categories: the personal representative, the listed relatives,

---

[15] **Burley**, 26 So. 3d at 1022 (quoting Miss. Code. Ann. § 11-7-13 (Rev. 2004); **J.J. Newman Lumber Co.**, 91 So. at 11).

[16] **Burley**, 26 So. 3d at 1023.

[17] **Id.** 1022–23 (citing Miss. Code. Ann. § 11-7-13 (Rev. 2004)).

and an interested party.  As quoted above, ***Burley*** states "[t]he paragraph concerning who may bring the action simply lists the prospective plaintiffs (the personal representative, listed relatives, and interested parties) in a series, separated by 'or.'"[18] This provision of the wrongful-death statute provides:

> The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned . . . .[19]

This provision describes who may file, and provides no hierarchy between different familial relations.  Later, the statute provides:

> Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death.[20]

---

[18] ***Burley***, 26 So. 3d at 1022.

[19] Miss. Code. Ann. § 11-7-13 (Supp. 2016).

[20] *Id.*

As the Court recognized in **Burley**, this portion of the statute does create tiered categories of wrongful-death beneficiaries, but only as to the right to recover damages, not the right to file the wrongful-death action.

¶24.    The defendants also argue that, even if **Burley** recognizes this distinction in the statute, a long line of cases predating **Burley** holds that only those entitled to recover damages may file the wrongful-death action.  Most of these cases, however, did not address this question.

¶25.    The defendants first cite this Court's 1957 decision in **Logan v. Durham**.[21]  There, a decedent was survived by her husband and one minor child.[22]  But the surviving husband had been the tortfeasor in the automobile accident that caused her death, and this Court had held that the minor child could not maintain a tort action against his father.[23]

¶26.    So the administrator of the decedent's estate brought a wrongful-death action against the surviving husband on behalf of the decedent's father, mother, and siblings.[24]  This Court considered "whether the remoter class of beneficiaries under the wrongful death statute may

---

[21] **Logan v. Durham**, 231 Miss. 232, 95 So. 2d 227 (1957).

[22] **Id.** at 237–38.

[23] **Id.** at 238.

[24] **Id.**

13

*recover* because the preferred beneficiary, the unemancipated minor child of the deceased and the tort-feasor, is disqualified to maintain the action."[25]

¶27.    The Court found that they could not, reasoning that

> The statute provides that if the deceased had no husband or child, the damages shall be distributed equally to the father, mother, brothers and sisters. In this case, the deceased was survived by her husband, the tort-feasor, and an unemancipated minor child. The husband, being the tort-feasor, cannot recover and this Court has held that the unemancipated minor child may not maintain the action against her father. No one is left in the preferred class of beneficiaries qualified to maintain the action. Under the express terms of the statute, the remoter class of beneficiaries is *entitled to the damages* only if the deceased was not survived by a member of the preferred class. The legislature *did not provide for the distribution of the avails of the suit* to the remoter class of beneficiaries when those in the preferred class are disqualified to maintain the action. Since the state created an action unknown to the common law, we are not justified in extending its application beyond its terms.[26]

In other words, this Court neither considered nor decided who has standing to file suit under the wrongful-death statute. Rather, the Court concluded that second-tier beneficiaries do not obtain the *right to recover damages* when first-tier beneficiaries exist, but are precluded from recovery by some other principle of law.

¶28.    Next, the defendants cite *Partyka v. Yazoo Development Corporation*.[27] In that case, the decedent was survived for approximately thirty minutes by his wife, who had suffered

---

[25] *Id.* (emphasis added).

[26] *Id.* at 239 (emphasis added).

[27] *Partyka v. Yazoo Dev. Corp.*, 376 So. 2d 646 (Miss. 1979).

fatal injuries in the same accident that killed the decedent.[28]  The decedent's mother filed a

wrongful-death action, and the defendants moved to dismiss for lack of standing.[29]  The trial

court granted the motion, and this Court affirmed.[30]

¶29.    But, while this Court affirmed the dismissal for lack of standing, this Court's analysis

considered whether "the second group of beneficiaries named in the statute became, on her

death, the parties entitled to maintain a suit *and recover the damages* for Mr. Hall's wrongful

death."[31]  The Court then proceeded to quote the hierarchy of rights to damages under the

statute, and concluded that

> [i]t seems to be undoubted that, if Mr. Hall left a wife and/or children, then such relative or relatives would be *entitled to the damages* to the exclusion of the deferred relatives parents, brothers and sisters. Of these preferred relatives, relatives of the first echelon, only his wife survived him; he left only her. Therefore, she, and she alone, was *entitled to any recovery* for Mr. Hall's death. [32]

So, while the Court did affirm the trial court's dismissal for lack of standing, its analysis and

conclusion spoke only to who had a right to recover damages.

---

[28] *Id.* at 647.

[29] *Id.* at 646–47.

[30] *Id.*

[31] *Id.* at 647 (emphasis added).

[32] *Id.* at 648 (emphasis added).

¶30.    The final opinion from this Court relied upon by the defendants is ***Estate of Moreland***.[33]   But that case was not even an appeal in a wrongful-death action.   Rather, it concerned who should be appointed by the chancery court as the administrator of the decedent's estate.[34]   And, to the extent that it discussed wrongful death, it discussed Alabama, not Mississippi, wrongful-death law, and even then concerned only the effect of replacing one's personal representative while a wrongful-death suit was ongoing.[35]

¶31.    That all said, both the Mississippi Court of Appeals[36] and the United States District Court for the Southern District of Mississippi[37] have reached the conclusion the defendants now advance, both relying on the above-distinguished cases.

¶32.    In ***Tolliver ex rel Wrongful Death Beneficiaries of Green v. Mladineo***, the decedent was survived by her husband, children, and brother.[38]   Her brother filed a wrongful-death suit, and the defendants moved to dismiss for lack of standing.[39]   As in this case, the trial

---

[33] ***Estate of Moreland***, 537 So. 2d 1337 (Miss. 1989).

[34] ***Id.*** at 1340–41.

[35] ***Id.*** at 1343–44.

[36] ***Tolliver ex rel Wrongful Death Beneficiaries of Green v. Mladineo***, 987 So. 2d 989 (Miss. Ct. App. 2007).

[37] ***Johnson ex rel. Johnson v. Med Express Ambulance Serv., Inc.***, 565 F. Supp. 2d 699 (S. D. Miss. 2008).

[38] ***Tolliver***, 987 So. 2d at 992.

[39] ***Id.***

judge denied the motion to dismiss and instead granted a motion to substitute the decedent's child as plaintiff.[40]

¶33.    On appeal, the Court of Appeals considered whether the brother had standing to file.[41] After quoting the wrongful-death statute, the Court of Appeals stated,

> We note at the outset of our discussion that the originally named plaintiff, Malone, was among the class of individuals permitted to bring a wrongful death suit by virtue of his sibling relationship to the decedent. However, Malone's standing to bring the wrongful death suit was conditional upon the event that the decedent did not have a surviving spouse or children, who would have the exclusive right to bring the wrongful death action. While our wrongful death statute does not readily appear to assign a hierarchy classification to certain groups of listed beneficiaries that would create a first right to bring a wrongful death suit, Mississippi case law construed the statute to create such a system entitling certain groups priority in bringing such a cause of action.[42]

Interestingly, the Court of Appeals seemed to recognize what this Court would hold in *Burley* two years later: that the statute creates an order of priority for recovering damages, but not as to who may file suit.  But the Court of Appeals nevertheless found that, in *Logan*, *Partyka*, and *Estate of Moreland*, this Court had held that standing to file suit under the statute is coextensive with the right to recover damages.[43]

---

[40] *Id.*

[41] *Id.* at 993.

[42] *Id.* at 994.

[43] *Id.* at 994–95 (citing *Logan*, 95 So. 2d at 229; *Partyka*, 376 So. 2d at 648; *Estate of Moreland*, 537 So. 2d at 1344).

17

¶34. Likewise, in *Johnson ex rel. Johnson v. Med Express Ambulance Service, Inc.*, the decedent was survived by two minor children and a brother.[44] Acting through their uncle as next friend, the minor children filed a wrongful-death action more than six years after their mother's death.[45] The defendant then moved for summary judgment, claiming that the suit was time-barred.[46] The United States District Court judge first found that the complaint had been filed outside the applicable statute of limitations.[47] But he considered whether Mississippi's savings statute for minors tolled the applicable statute.[48] To answer that question, the judge considered whether the decedent's brother, the only other potential wrongful-death beneficiary, could file suit.[49] And the district judge found that the statute appeared to permit him to do so, but that this Court had held that if any first-tier beneficiary existed, no second-tier beneficiary could file suit.[50]

¶35. In sum, *Burley* held, consistent with the statutory language, that an order of priority exists as to who may recover damages, but not as to standing to file suit. This Court's opinions before *Burley* can be distinguished, in that none specifically addressed this

---

[44] *Johnson ex rel. Johnson*, 565 F. Supp. 2d at 701.

[45] *Id.*

[46] *Id.* at 702.

[47] *Id.*

[48] *Id.*

[49] *Id.* at 706.

[50] *Id.* (citing *Partyka*, 376 So. 2d at 648, 650; *Logan*, 95 So. 2d at 228-29).

question, focusing instead only on who may recover damages. So we find that the circuit judge did not err by granting the motion to substitute and denying the defendants' motion to dismiss for lack of standing. Vivian did not lack standing when she filed suit.

### IV. Whether LJW and/or Vivian should be held in contempt for LJW filing a new wrongful-death complaint after this Court stayed proceedings in the trial court.

¶36. The defendants argue "the appellees" should be held in contempt for filing a new complaint while this appeal has been pending. According to the defendants, LJW's actions violated this Court's order staying proceedings in the trial court. LJW responds that she simply filed the new complaint to protect against the running of the statute of limitations in the event that this Court ruled that the first complaint must be dismissed. We find that LJW's action did not violate this Court's order because that order specifically stated that "[a]ll proceedings in *cause no. 251-13-442CIV*, Hinds County Circuit Court, First Judicial District, are stayed pending this Court's decision in this appeal."[51] The stay does not exceed the scope of this particular cause number. The record does not reflect that Vivian is involved in the new complaint in any way. So we will not hold Vivian in contempt for LJW's actions.

### V. Whether this Court should tax Vivian and LJW with the costs of this proceeding for not agreeing with the defendants' position sooner.

¶37. The defendants argue this Court should tax Vivian and LJW with all costs of this appeal because they have unnecessarily delayed the dismissal of Vivian's wrongful-death

---

[51] (Emphasis added.)

complaint. But, because the circuit court did not err by refusing to dismiss this complaint, any unnecessary delay rests on the shoulders of the defendants.

## CONCLUSION

¶38. Because we find that Vivian had standing to file this wrongful-death action, we affirm the circuit judge's decision to grant the motion to substitute LJW as plaintiff, and we remand this case to the circuit court for further proceedings consistent with this opinion.

¶39. **AFFIRMED AND REMANDED.**

**RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.**