## LOGAN, ADMR. *v.* DURHAM

No. 40368 May 13, 1957 95 So. 2d 227

*Roberson, Luckett & Roberson,* Clarksdale, for appellant.

*Brewer & Brewer, Wm. O. Luckett, Wm. H. Beck, Jr.,* Clarksdale, for appellees.

APPELLANT IN REPLY.

Gillespie, J.

This suit was brought under the wrongful death statute. The trial court dismissed the action and plaintiffs appeal.

Mrs. Justine Evelyn Durham, wife of W. M. Durham, appellee, died of injuries sustained in an automobile accident due to the negligence of appellee. Mrs. Durhas was survived by her husband, the appellee, and one unemancipated minor child, Deborah Claudine Durham.

In a previous suit, the minor child brought an action against her father upon the wrongful death statute, which suit was dismissed by the trial court, and this Court affirmed, holding that an unemancipated minor child could not sue its parent in tort, Durham v. Durham, 85 So. 2d 807. The present action was brought by the administrator of the estate of Mrs. Justine Evelyn Durham in behalf of the father and mother and four sisters of the deceased. It is contended that since this Court held that the minor child could not maintain an action, the action is maintainable by or on behalf of the father and mother and four sisters of the deceased.

 █ The question for our decision is whether the remoter class of beneficiaries under the wrongful death statute may recover because the preferred beneficiary, the unemancipated minor child of the deceased and the tort feasor, is disqualified to maintain the action. Our wrongful death statute, Section 1453 of the Mississippi Code of 1942, as amended, provides in part as follows:

"Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall

not affect the right of the legal representative to recover.''

■■ ■ The recovery provided by the wrongful death statute was unknown to the common law. The statute provides that if the deceased had no husband or child, the damages shall be distributed equally to the father, mother, brothers and sisters. In this case, the deceased was survived by her husband, the tort feasor, and an unemancipated minor child. The husband, being the tort feasor, cannot recover and this Court has held that the unemancipated minor child may not maintain the action against her father. No one is left in the preferred class of beneficiaries qualified to maintain the action. Under the express terms of the statute, the remoter class of beneficiaries is entitled to the damages only if the deceased was not survived by a member of the preferred class. The legislature did not provide for the distribution of the avails of the suit to the remoter class of beneficiaries when those in the preferred class are disqualified to maintain the action. Since the state created an action unknown to the common law, we are not justified in extending its application beyond its terms. Moreover, we are not prepared to say that the rule sought by appellants would serve the best interest of the preferred class. If the remoter class of beneficiaries is allowed to recover, the judgment could be enforced against the father of the minor child and take from him the means of supporting the preferred beneficiary; or, if the father died before collection of the judgment, it could be collected from his estate, which would mean that the minor child, the preferred beneficiary, could be made to pay the judgment out of her inheritance. If such a rule should be adopted, and the child had been killed in this case instead of the mother, the mother could not have maintained the action, Emsinger v. Emsinger, 222 Miss. 799, 77 So. 2d 308, in which case the judgment could be collected from the husband to the obvious detriment of the wife, the pre-

ferred beneficiary. It will at once be seen that the rule sought by appellant could harm rather than help the preferred class of beneficiaries. Limited to the particular fact situation here involved, we hold that remoter beneficiaries may not maintain the action.

We have given consideration to all parts of the statute, including the first sentence, which appellants contend makes the wrongdoer liable in all cases. We have also examined all of the cases from other jurisdictions cited by the parties, none of which involve the same fact situation here confronting the Court. Appellant's case has been ably presented and has received the consideration due a novel question.

Affirmed.

All Justices concur, except McGehee, C. J., who took no part.