Shirley Mae **FILLINGAME**, et al., Plaintiffs,

v.

Robin F. **PATTERSON**, et al., Defendants.

Civ. A. No. H87–0193(W).

United States District Court, S.D. Mississippi, Hattiesburg Division.

Sept. 8, 1988.

E. Bragg Williams, III, Poplarville, Miss., for plaintiffs.

Dorrance Aultman, Hattiesburg, Miss., for defendants.

James M. Anderson, Jackson, Miss., for intervenor.

---

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

The question before the court is whether under Mississippi's Wrongful Death Act, § 11-7-13 of the Mississippi Code of 1972, as amended, decedent's mother, sister, and brothers are proper beneficiaries where decedent was survived by minor children who had been adopted by their paternal aunt prior to decedent's death. The parties have filed cross-motions for summary judgment on the issue.

On or about September 30, 1987, Johnny Victor Fillingame was killed in an automobile accident in Marion County, Mississippi. Single at the time of his death, decedent left surviving him his two minor children, Shirley Mae and Judy Fillingame, who, prior to decedent's death, had been adopted by their paternal aunt, Nita Fillingame. Also surviving decedent were his mother, Ollie Mae Thomas Fillingame; a sister, Nita Fillingame; and three brothers, Jewell, Jerry, and Harmon Fillingame.

This diversity action was filed on behalf of all of the above surviving relatives of decedent. Now the parties have both submitted cross motions for summary judgment seeking to determine who are the proper beneficiaries entitled to recover under the Wrongful Death Act, Miss.Code Ann. § 11-7-13, for the death of their decedent.

### Law

Unknown at common law, causes of action for wrongful death are creations of statutory law. The Mississippi Wrongful Death Act is found at § 11-7-13 of the Mississippi Code of 1972, as amended. In pertinent parts, it provides as follows:

Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, ... as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, ... and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or

all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.

\* \* \* \* \* \*

Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, nor wife, nor children, nor father, nor mother, nor sister, nor brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover.

Clearly, a fair reading of the statute indicates that should a spouse or children survive the decedent only they may bring suit under the statute, to the exclusion of all other surviving relatives. This interpretation is further enriched by judicial pronouncements. In *Partyka v. Yazoo Development Corp.*, 376 So.2d 646, 648 (Miss. 1979), the Mississippi Supreme Court held that if a decedent leaves a wife and/or children, then such relative or relatives would be entitled to wrongful death damages to the exclusion of other relatives.

Further, in *Logan v. Durham*, 231 Miss. 232, 95 So.2d 227 (1957), a wrongful death action, the court held that the father, mother, and sisters of the decedent could not maintain a cause of action under the wrongful death statute because the decedent was survived by a husband and minor child, no matter that neither the husband nor minor child could bring the action since the husband was the tortfeasor who caused his wife's death, and the minor child, being unemancipated, could not sue its parent in tort. Following a strict reading of the statute, the court stated that "[u]nder the express terms of the statute, the remoter class of beneficiaries is entitled to the damages only if the deceased was not survived by a member of the preferred class." 95 So.2d at p. 229. Hence, under the glare of a fair reading and applicable judicial pronouncement, this court is persuaded that in this circumstance where the decedent is survived by his two minor children, only these children are the proper parties who may bring a wrongful death claim.

Still, decedent's mother, sister, and brothers argue that since the children were adopted by their paternal aunt prior to decedent's death that this circumstance divests the children of recovering rights under the statute, thereby making the mother, sister, and brothers the proper statutory beneficiaries. This argument is wide of the target. Mississippi allows adopted children to inherit both through their adoptive parents and natural parents. This being the rubric of Mississippi jurisprudence, decedent's children, by their prior adoption, are not dispossessed of their statutory cause of action. *Alack v. Phelps*, 230 So. 2d 789, 791–94 (Miss.1970).

The case of *Warren v. Foster*, 450 So.2d 786 (Miss.1984), sheds even more wisdom on the issue *sub judice*. In *Warren* the Mississippi Supreme Court was called upon to determine the inheritance rights of a claimant from the estate of his natural father, where the claimant, prior to the death of his natural father, had been adopted by his mother's new husband. Quoting from *Alack v. Phelps*, 230 So.2d

789 (Miss.1970), the court declared that "... Mississippi's adoption law does not state in any shape, form, or fashion that the right of the child to inherit from its natural parents is terminated." *Id.* at 788. Hence, the court permitted claimant to share in the estate of his natural father in spite of the adoption.

Finding that decedent is survived by his two natural children and persuaded by the clear reading of the statute, as well as by case authorities, this court holds that only the two children, Shirley Mae and Judy Fillingame, are the proper statutory beneficiaries who may bring this action pursuant to Mississippi's Wrongful Death Statute. Hence, defendant's motion for summary judgment as against Ollie Mae Thomas Fillingame; Nita Fillingame, individually; Jewell Felton Fillingame; Jerry Wayne Fillingame; and Harmon David Fillingame, as statutory beneficiaries, is well taken, and the same is hereby granted. A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED.