564 So.2d 1333 (1990)
Henry J. KIRKSEY, State Senator, and Jessie Pendleton
v.
Brad DYE, Lieutenant Governor of the State of Mississippi, [*]William Allain, Governor of the State of Mississippi, [**]Edwin Lloyd Pittman, Attorney General of the State of Mississippi, and the State of Mississippi, By and Through Edwin Lloyd Pittman, Attorney General.
No. 07-59078.
Supreme Court of Mississippi.
February 7, 1990.
Rehearing Denied August 22, 1990.
*1334 Carroll Rhodes, Hazlehurst, for appellants.
Edwin Lloyd Pittman, Atty. Gen., elected Supreme Court Justice January 3, 1989, Mike C. Moore, Atty. Gen., T. Hunt Cole, Jr., Sp. Asst. Atty. Gen., Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and PRATHER and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Henry Kirksey and Jessie Pendleton brought suit in the Circuit Court of the First Judicial District, Hinds County, Mississippi, against Brad Dye, Lieutenant Governor of the State of Mississippi, the Governor of the State of Mississippi, the Attorney General of the State, and the State of Mississippi, alleging that the participation of Lieutenant Governor Brad Dye on the Joint Legislative Budget Committee was a violation of the provision for separation of executive and legislative powers of the Mississippi Constitution of 1890. The defendants moved for summary judgment on two grounds and, after a hearing, the circuit court entered an order dismissing the complaint for lack of standing by Kirksey and Pendleton. From that judgment, they have appealed to this Court.

Statement of the Case
The basis of this action is Mississippi Code Annotated § 27-103-101(1) (Supp. 1989), et seq., which the appellants contend violates the Mississippi Constitution of 1890, i.e., separation of executive and legislative powers. See Appendix. The statute creates a Joint Legislative Budget Committee, with the authority to conduct its affairs through a Legislative Budget Office administered by a Director appointed by the Committee. The Legislative Budget Office is charged with preparing for each fiscal year "an overall balanced budget of the entire expenses and income of the State ... encompass[ing] the operations of all general-fund agencies and all special fund agencies and the State Highway Department... ." MCA § 27-103-113 (Supp. 1989). The Lieutenant Governor (Brad Dye) is a voting member and rotating chairman of the committee. Appellants contend that the statute violates the following provisions of the Mississippi Constitution of 1890:
Article 1, Section 1.
The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Article 1, Section 2.
No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
This suit was filed November 2, 1987, by appellant Henry Kirksey, then State Senator and an independent candidate for the office of Lieutenant Governor of the State of Mississippi, along with appellant Jessie *1335 Pendleton, a registered voter and citizen of Copiah County. They sought to enjoin appellee Brad Dye from the further exercise of any functions of the office of Lieutenant Governor. Motions for summary judgment were filed by the appellants and the appellees, there being no dispute of fact, but only a law question. The lower court denied the motion of the appellants and granted the motions of the Lieutenant Governor, Governor, and Attorney General.

Law
The appellants assign four (4) errors committed by the court below. The appellees' motion for summary judgment was based on (1) the procedural issue of standing, and (2) the substantive ground that they were entitled to prevail under the law previously enunciated by this Court. The lower court sustained the appellees' motions for summary judgment on the ground that appellants lacked standing to bring this suit. Since the law has been settled by previous decision of this Court, we do not address the question of lack of standing and address the following questions:
(1) Whether or not Lieutenant Governor Brad Dye is in violation of the separation of powers doctrine by serving as a voting member of the Joint Legislative Budget Committee.
(2) Whether or not the trial Court erred in granting appellees' motion for summary judgment.
The appellants cite and rely upon Alexander v. State By and Through Allain, 441 So.2d 1329 (Miss. 1983), and urged that:
(1) "[t]he essence of Alexander is that no officer of one department may perform a function `at the core' of the power properly belonging to either of the other two departments." Dye v. State, 507 So.2d 332, 337 (Miss. 1987);
(2) budget-making is `at the core' of the legislative department; and
(3) the Lieutenant Governor is an executive officer.
We distinguish Alexander and are of the opinion that the case at bar is controlled by Dye v. State ex rel. Hale, 507 So.2d 332 (Miss. 1987), in which this Court held that Dye could constitutionally assume the wide legislative powers conferred upon him by the Senate rules. The essence of the Dye case as it relates to the case at bar is that the Lieutenant Governor is constitutionally an officer of both legislative and executive departments and, as President of the Senate, is "enough of a member of the Senate" to be eligible to receive the legislative powers conferred upon him by that body. Appellee bases his assertion of the constitutionality of the Lieutenant Governor's service on the Joint Legislative Budget Committee on the following propositions excerpted from the Dye opinion:
(1) The legislature had the inherent authority to create the Joint Legislative Budget Committee and to determine its composition:
[T]he legislature of this state has the power and prerogative to create such committee as it may deem appropriate to assist it in its budget-making responsibilities.
Alexander v. State ex rel. Allain, 441 So.2d 1329, 1339 (Miss. 1983) (emphasis added).
(2) This Court in Dye rejected the proposition that the Lieutenant Governor is simply an officer of the executive branch of government:

Alexander contains dicta to the effect that there are
no exceptions to the mandates that the powers of government be held and exercised in three separate and distinct departments and that no person holding office in any one department should have or exercise any power properly belonging to either of the others.

Alexander, 441 So.2d at 1335.
This language does not  and could not  alter the fact that Sections 129-132 [of the Mississippi Code of 1890] inescapably provide an exception to the separation mandate by vesting in the Lieutenant Governor some authority in the Executive Department and other authority in the Legislative Department, thus making him an officer of both departments.
*1336 Dye v. State, ex rel. Hale, 507 So.2d 332, 343 (Miss. 1987).
(3) The Lieutenant Governor is constitutionally an officer of both executive and legislative departments and is eligible as President of the Senate to receive the legislative powers conferred upon him by the legislation creating the Joint Legislative Budget Committee. The Dye Court observed:
[T]he powers of government are separate only insofar as the Constitution makes them separate. The Lieutenant Governor is unusual in that he is made an officer of  and given powers in  two branches of government. See Miss. Const.Art. 5 §§ 128, et seq.
We begin with the premise that surely the Senate may confer these powers upon one or more of its members. By virtue of Section 129 of the Constitution, the Lieutenant Governor is made President of the Senate and given certain powers not relevant here. By virtue of his being President of the Senate, the Lieutenant Governor is enough of a member of the Senate that he is eligible to have conferred upon him the legislative powers granted by the rules here at issue. The Lieutenant Governor does not possess these powers by reason of any authority inherent in the office of President of the Senate. His office merely serves to place him in the Senate, on the Senate side of the separation of powers barrier. As such Lt. Gov. Dye enjoys the powers at issue by virtue of the Senate's action taken in accordance with its inherent delegatory authority. .. . The Senate could amend or rescind those rules to modify or withdraw the powers at issue at any time it wished, consistent with the Constitution.
Dye v. State ex rel. Hale, 507 So.2d 332, 346-347 (Miss. 1987).
(4) This Court in Dye has already upheld the Senate's granting to the Lieutenant Governor "almost plenary powers respecting appointment of [Senate] committees and the referral of bills to [those] committees." Dye v. State ex rel. Hale, 507 So.2d 332, 336 (Miss. 1987). That opinion upheld the Senate rules which made the Lieutenant Governor a member of the Rules committee and Chairman of the Senate Contingent Expense Committee which fixes salaries for Senate employees. Dye v. State ex rel. Hale, 507 So.2d 332, 335-336, n. 3 (Miss. 1987)
Since this Court has already upheld as constitutionally permissible the Lieutenant Governor's service on committees which assist the Senate as a body in carrying out its internal functions and prerogatives, we see no principled difference in the Lieutenant Governor's service to the Senate under the Senate Rules and his service to the Senate and the legislature as a whole under the challenged legislation. The legislation giving the Lieutenant Governor, as President of the Senate, a role in preparing the legislative budget proposal seems directly analogous to the grant of legislative power to him by the Senate rules. We are of the opinion that the challenged legislation constitutes a proper delegation of legislative power to the Lieutenant Governor, who, as President of the Senate is "enough of a member of the Senate to have conferred upon him ... legislative powers." Dye v. State ex rel. Hale, 507 So.2d 332, 346-347 (Miss. 1987).

Standing Issue
Although the lower court granted summary judgment to appellee Dye on the basis of lack of standing, this Court may affirm the lower court's grant of summary judgment on grounds other than that which the trial court used. Brocato v. Mississippi Publishers Corp., 503 So.2d 241, 244 (Miss. 1987); Hickox By and Through Hickox v. Holleman, 502 So.2d 626 (Miss. 1987). In Hickox, the Court, holding that it is not restricted to the reasons the trial court gave for its decision to direct a verdict, said:
Appellate courts are not in the business of reversing a trial court when it has made a correct ruling or decision. We are first interested in the result of the decision, and if it is correct we are not concerned with the route  straight path or detour  which the trial court took to *1337 get there... . An appellee is entitled to argue and rely upon any ground sufficient to sustain the judgment below.
Hickox by and through Hickox v. Holleman, 502 So.2d 626, 635 (Miss. 1987) (citations omitted).
In Stewart v. Walls, 534 So.2d 1033, 1035 (Miss. 1988), the Court observed:
It is a familiar rule that this Court will affirm the lower court where the right result is reached, even though we may disagree with the reason for the result. We find that the lower court was correct in granting summary judgment on behalf of Walls, but for the reasons set forth in this opinion. Therefore, the decision of the lower court is hereby affirmed.
We are of the opinion that, on the substantive ground neither the statute creating the Joint Legislative Budget Committee nor appellee Dye's service on the committee constitutes a violation of the constitutionally-mandated separation of powers. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PRATHER, ROBERTSON, ANDERSON and BLASS, JJ., concur.
SULLIVAN, J., and HAWKINS, P.J., dissent.
DAN M. LEE, P.J., and PITTMAN, J., not participating.

APPENDIX
Mississippi Code Annotated § 27-103-101(1) (Supp. 1988)
There is hereby created the Joint Legislative Budget Committee and the Legislative Budget Office which shall be governed by such committee. The joint committee shall be composed of the Chairman of the Senate Finance Committee, the President Pro Tempore of the Mississippi State Senate, the Lieutenant Governor of the State of Mississippi, the Chairman of the Appropriations Committee of the Senate and one (1) member of the Senate to be named by the Lieutenant Governor, and the Chairman of the Ways and Means Committee of the House of Representatives, the Chairman of the Appropriations Committee of the House of Representatives, the Speaker of the House of Representatives and two (2) members of the House of Representatives to be named by the Speaker of the House. In the event any ex officio member of the joint committee holds two (2) positions entitling him to membership on said committee, the Lieutenant Governor or the Speaker of the House, as the case may be, shall appoint another member of the respective house to membership on the committee. The chairmanship shall alternate for twelve-month periods between the Speaker of the House of Representatives and the Lieutenant Governor, with the Speaker of the House of Representatives serving as the first chairman. In the absence of the Chairman of the Senate Finance Committee, Senate Appropriations Committee, House Appropriations Committee and Ways and Means Committee, the vice-chairman of any such committee shall be entitled to attend; if the vice-chairman is unable to attend or if an appointed member is unable to attend, another legislator may be designated to attend by the Lieutenant Governor or Speaker of the House is unable to attend a meeting, he may designate a legislator to substitute for him at that meeting. If the President Pro Tempore of the State Senate is unable to attend a meeting, the Lieutenant Governor shall designate a member of the Senate to substitute for him at that meeting. Any proxy shall have a vote at the meeting he was selected to attend and also shall, when attending, receive compensation and expenses in the same manner and amount as regular members of the joint committee.
There shall be no business transacted including adoption of rules of procedure, without the presence of a quorum of the joint committee. A quorum shall be six (6) members, to consist of three (3) members from the Senate and three (3) members from the House of Representatives. No action shall be valid unless approved by the majority of those members present and voting, entered upon the minutes of the joint committee and signed by the chairman and vice-chairman. All actions of the joint committee *1338 shall be approved by at least three (3) Senate members and three (3) House members.
SULLIVAN, Justice, dissenting:
With great respect to the majority, I must dissent. In my view, Article I, Section 1 and Article I, Section 2 of the Mississippi Constitution of 1890 mean exactly what they say.
I believe the appellants to be absolutely correct when they rely on Alexander v. State By and Through Allain, 441 So.2d 1329 (Miss. 1983), and that that opinion was correct when it said:
(1) "[t]he essence of Alexander is that no officer of one department may perform a function `at the core' of the power properly belonging to either of the other two departments." Dye v. State, 507 So.2d 332, 337 (Miss. 1987);
(2) budget-making is `at the core' of the legislative department; and
(3) the Lieutenant Governor is an executive officer.
It is further my view that we cannot distinguish Alexander, and that in fact Dye v. State ex rel. Hale, 507 So.2d 332 (Miss. 1987), overrules Alexander. That Dye does overrule Alexander is in part the reason for my dissent to the Dye v. State ex rel. Hale decision. Dye v. State ex rel. Hale is simply made of the whole cloth bad law.
In Dye the majority simply declared the Lieutenant Governor "enough of a senator" to avoid the separation of powers' requirements of the Mississippi Constitution. Furthermore, well after the fact, they simply declared that to the extent that Alexander allowed for no exceptions to the separation of powers' mandate, Alexander was mere dicta. How convenient for the majority, when a recent decision stands between them and the goal they seek to reach, to declare the offending language to be dicta.
In my opinion Dye v. State ex rel. Hale, was a tragic mistake made by a majority of the court whose unclouded vision of what Mississippi Government should be, allowed it to read separation of powers completely out of the Mississippi Constitution and with a wave of its imperious hand consign Alexander v. State By and Through Allain, to the dust bin. By today's opinion, we compound our original mistake.
The members of the Mississippi Supreme Court of 1990 are serious, dedicated conscientious men and women. They are, however, no more serious, conscientious, and dedicated than were the delegates to the Constitutional Convention of 1890. Though the constitution of 1890 may have faults, the separation of powers' doctrine is not one of them. I do not subscribe to the view that the nine members of this Court can amend the Constitution as was done in Dye v. State ex rel. Hale.
I would reverse the lower court, overrule Dye v. State ex rel. Hale, and remand this case to the Circuit Court of the First Judicial District of Hinds County for a new trial.
HAWKINS, P.J., joins this dissent.
NOTES
[*] Honorable Ray Mabus is the successor to Governor William Allain, an original defendant.
[**] Honorable Mike Moore is the successor to Attorney General Edwin Lloyd Pittman, an original defendant.