987 So.2d 989 (2007)
Anthony TOLLIVER, On Behalf of the WRONGFUL DEATH BENEFICIARIES OF Shirley Ann Tolliver GREEN, Appellant/Cross-Appellee
v.
John MLADINEO, M.D. and John Christopher Hancock, M.D., Appellees/Cross-Appellants.
No. 2005-CA-02326-COA.
Court of Appeals of Mississippi.
July 17, 2007.
Rehearing Denied January 22, 2008.
*991 Hiawatha Northington II, Isaac K. Byrd, Jr., Jackson, attorneys for appellant.
Whitman B. Johnson, III, Mark P. Caraway, Cory L. Radicioni, Jackson, Lorraine W. Boykin, attorneys for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. This is an appeal from the trial court's order dismissing the appellant's, Anthony Tolliver's, complaint with prejudice for the failure of plaintiff's counsel to attend a special civil docket call. Doctors John Mladineo and John Christopher Hancock, the appellees, cross-appeal a separate matter, requesting this Court to consider whether the trial court erred during the litigation of this case in allowing the substitution of parties. Because we find that the trial court erred in allowing a substitution of the party plaintiff, we hold that the complaint was filed untimely and thus relief is barred by the applicable statute of limitations. Therefore, we uphold the dismissal of the appellant's case, but on different grounds than the trial court concluded.

FACTS AND PROCEDURAL HISTORY
¶ 2. Shirley Ann Tolliver Green died as a result of complications arising during an abdominal hysterectomy on March 4, 2001. *992 She was survived by her husband, children and brother. Green's brother, Michael Malone, first filed a wrongful death suit against Doctors John Mladineo and John Christopher Hancock in the Hinds County Circuit Court, First Judicial District, on December 16, 2002. The case was assigned to Circuit Judge W. Swan Yerger. Doctors Mladineo and Hancock filed a motion to dismiss and answered the December 16, 2002 complaint, asserting, among other defenses, lack of standing. Doctors Mladineo and Hancock initiated some discovery in the case, deposing Green's brother, Plaintiff Michael Malone. Thereafter, Green's brother moved the trial court to allow his substitution by Green's son, Anthony Tolliver, as plaintiff in an amended complaint. The trial court allowed the substitution of Tolliver as plaintiff and the amended complaint reflecting the substituted plaintiff was filed by Tolliver on June 16, 2004. Shortly thereafter, plaintiff's counsel moved to withdraw from her representation and a motion was granted allowing Ottowa Carter to be substituted as counsel of record.
¶ 3. Meanwhile, during the pendency of this litigation, the Hinds County Circuit Court became aware of a backlog of cases awaiting the scheduling of a trial setting. In response to this backlog of cases, on March 23, 2005, Judge Yerger issued an order for a mandatory special civil docket call to be held on April 21, 2005 for civil cases pending before him that were filed prior to January 1, 2003. Pursuant to the order, an attorney of record, or a designated attorney representative, was required to appear with full information regarding the status of these cases. Attendance was mandatory, as the court's notice contained the following statement in bold lettering: "Failure to attend will result in the dismissal with prejudice of cases and/or sanctions."
¶ 4. Tolliver's case against Doctors Mladineo and Hancock fell within the category of cases that required attorney representation at the mandatory docket call before Judge Yerger. The mass docket call went forward as scheduled on April 21, 2005; however, when the docket was called, no attorney or designated attorney representative came forward to present the status of the case on behalf of the plaintiffs.[1] Thereafter, on April 27, 2005, the circuit court dismissed the medical malpractice claim against Doctors Mladineo and Hancock for failure to prosecute, pursuant to Rule 41(b) of the Mississippi Rules of Civil Procedure. On May 13, 2005, the plaintiff moved for a reinstatement of the case, but the motion was denied.
¶ 5. Tolliver, on behalf of the wrongful death beneficiaries of Shirley Ann Tolliver Green, now appeals the dismissal of the complaint, arguing that the trial court abused its discretion, seeking reinstatement of his claim. Doctors Mladineo and Hancock cross-appeal a separate matter, requesting this Court to consider whether the trial court erred in allowing the substitution of parties pursuant to Rule 15(c) of the Mississippi Rules of Civil Procedure. We address the issue on cross-appeal first in our discussion, as our decision in this issue is dispositive and relevant to our finding in the original issue on appeal.

*993 I. CROSS APPEAL: WHETHER DISMISSAL OF TOLLIVER'S CLAIM SHOULD BE UPHELD BECAUSE THE CLAIM WAS FILED AFTER THE STATUTE OF LIMITATIONS EXPIRED.
¶ 6. Michael Malone initially brought suit against Doctors Mladineo and Hancock for the wrongful death of his sister under Mississippi Code Annotated section 11-7-13 (Rev.2004), on behalf of the wrongful death beneficiaries and in his own individual name on December 16, 2002. The defendants answered the complaint and moved to dismiss the complaint based upon Malone's lack of standing to sue. They asserted that since the decedent, Shirley Ann Tolliver Green, died leaving a surviving spouse and children, the brother was not the proper party plaintiff and, therefore, the suit should be dismissed for lack of standing. Thereafter, Malone moved the trial court for leave to amend the complaint to substitute in his place the decedent's son, Anthony Tolliver, as party plaintiff for and on behalf of the wrongful death beneficiaries of the decedent. Malone, in his motion for leave to amend the complaint to substitute Tolliver in his place as plaintiff, stated that he encountered a conflict of interest whereby he could no longer effectively act on behalf of the wrongful death beneficiaries of Shirley Ann Tolliver Green. The circuit court granted Malone's motion on May 18, 2004, finding that pursuant to Mississippi Rule of Civil Procedure 15, Malone was entitled to substitute Tolliver as the plaintiff representative of the wrongful death beneficiaries. Tolliver thereafter filed his amended complaint on June 16, 2004.
¶ 7. Doctors Mladineo and Hancock argue first that it was error for the circuit court to allow Tolliver to be substituted for Malone as plaintiff because (1) such a substitution is not allowed within the meaning of Mississippi Rule of Civil Procedure 15 and (2) because such a substitution was not authorized, once Tolliver filed the amended complaint, the statute of limitations had already expired to bring the wrongful death claim. The doctors further argue that in addition to the untimeliness of the filing of the complaint, the complaint also failed to comply with the notice and pleading requirements of Mississippi Code Annotated section 15-1-36 (Rev.2003), so that the dismissal of the claim by the trial court was proper.
¶ 8. Under Mississippi Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Such leave to amend is not granted automatically, but lies within the Court's discretion. Pratt v. City of Greenville, 804 So.2d 972, 976(¶ 9) (Miss. 2001). This discretion of the trial court to allow an amendment to a complaint is reviewed by this Court only for an abuse of discretion. Id. However, a proper analysis of whether a trial court had the authority to allow an amendment to a complaint begins in this case with determining whether the complainant lacked standing.
¶ 9. Our wrongful death statutes read in pertinent part:
Whenever the death of any person ... shall be caused by any real, wrongful or negligent act or omission ... [t]he action for such damages may be brought in the name of the personal representative of the deceased person ... for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a *994 sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (l) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.
. . . .
Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death.
Miss.Code Ann. § 11-7-13 (emphasis added).
¶ 10. We note at the outset of our discussion that the originally named plaintiff, Malone, was among the class of individuals permitted to bring a wrongful death suit by virtue of his sibling relationship to the decedent. However, Malone's standing to bring the wrongful death suit was conditional upon the event that the decedent did not have a surviving spouse or children, who would have the exclusive right to bring the wrongful death action. While our wrongful death statute does not readily appear to assign a hierarchy classification to certain groups of listed beneficiaries that would create a first right to bring a wrongful death suit, Mississippi case law construed the statute to create such a system entitling certain groups priority in bringing such a cause of action. See Briney v. United States Fid. & Guar. Co., 714 So.2d 962, 968 (¶¶ 17-18) (Miss. 1998) (discussing top and second tier echelons of beneficiaries under Mississippi's wrongful death statute). Particularly, the supreme court has encountered several situations similar to the one at issue in this case and has assigned hierarchies to the classes of beneficiaries under the wrongful death statute.
¶ 11. In the case of Partyka v. Yazoo Development Corp., 376 So.2d 646, 648 (Miss.1979), the supreme court held that a decedent's mother did not have standing to sue under the wrongful death statute because the decedent left a surviving wife who retained that right to maintain the action. In that case, a husband died, leaving his surviving wife (who died shortly after her husband in the same accident) and his mother. The deceased's mother sued for her son's wrongful death; however, the court found that only the wife or the wife's estate representative had standing to sue for his death. The court held that the wife was classified in the "first echelon" and had the exclusive right to bring an action under the wrongful death statute. The victim's mother lacked standing, as a surviving relative of the second degree. See England v. England, 846 So.2d 1060, 1066(¶ 18) (Miss.Ct.App.2003) (discussing the holding of Partyka, 376 So.2d 646). The court stated that "suit may be brought by one entitled to recover for all entitled to recover, or by the estate's (Hall's) representative for those entitled to recover, and recovery shall be for all interested parties." Partyka, 376 So.2d at 648 (emphasis added).
¶ 12. Similarly, in the case of Logan v. Durham, 231 Miss. 232, 95 So.2d 227 (1957), the wife died, leaving a surviving husband and minor child as a result of a car accident in which the decedent's husband *995 was driving. The wife's father, mother, and sisters sued the surviving husband under the wrongful death statute for the wife's death. However, the court found that the wife's parents and siblings did not have the right to sue under the wrongful death statute, because that exclusive right belonged only to the surviving husband and child. Id. at 239, 95 So.2d at 229.
¶ 13. In the opinion of In re Estate of Moreland, 537 So.2d 1337, 1344 (Miss. 1989), the supreme court removed a decedent's mother from serving as administratrix for the purposes of bringing a wrongful death action in another state, because the court found that the decedent was most properly represented by the guardian of his surviving son. In discussing the fact that the decedent's mother brought the first suit for his wrongful death, the court recognized that under Mississippi's wrongful death statute, the one who first brings the death action has the right to prosecute and maintain it to its conclusion. Id. However, the court found that in vacating the mother's authority to bring the wrongful death action, the "first in time, first in right" rule was not broken because the decedent's son was the proper person to bring the action. Id.
¶ 14. Furthermore, a Mississippi federal district court has discussed the precise issue before us in a factually similar case. In Fillingame v. Patterson, 704 F.Supp. 702 (S.D.Miss.1988), a decedent's mother, sister, and brothers filed suit under Mississippi's wrongful death statute. However, the decedent was survived by minor children who had been adopted by his paternal aunt prior to the decedent's death. The court held, based on Mississippi precedent holding that a child's adoption does not preclude the child's rights to share in the proceeds to a wrongful death action, that the decedent's wrongful death suit could only be brought by his surviving children. Id. at 705. The district court found that "a fair reading of the [wrongful death] statute indicates that should a spouse or children survive the decedent only they may bring suit under the statute, to the exclusion of all other surviving relatives." Id. at 704. While we acknowledge that this case law is not binding on this Court, it is persuasive and we are inclined to agree with the district court's interpretation of Mississippi's wrongful death statute.
¶ 15. Our review of Mississippi case law makes clear that a decedent's sibling is barred from bringing suit under the wrongful death statute when the decedent has left a surviving spouse or children. Thus, we find that Malone lacked standing to bring suit for the wrongful death of his sister because she was survived by her husband and children. In the case sub judice, recovery under the wrongful death statute is limited only to the decedent's surviving spouse and children, and thus the suit should have been brought in the name of one of the members of that representative class of the estate.
¶ 16. Our finding that Malone lacked standing to bring suit for the wrongful death of his sister does not end our discussion of the issue. Although the decedent's brother, Malone, brought the wrongful death claim within the applicable statute of limitations, his complaint lacked standing. This lack of standing "`robs the court of jurisdiction to hear the case.'" Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801(¶ 14) (Miss.2006) (quoting McNair v. United States Postal Service, 768 F.2d 730, 737 (5th Cir.1985)). Thus, any ruling on such a case is void ab initio. It follows, then, that an amended complaint filed in a case where the original complainant lacks standing cannot relate back to the filing of *996 the original complaint, because a complaint cannot relate back to a nullity.
¶ 17. The next issue is whether the amended complaint filed by the proper party plaintiff, Tolliver, was filed timely. Because an amended complaint cannot relate back to an original complaint if the original complaint is brought without standing, such an amended complaint substituting a party as plaintiff should be regarded as the initiation of a new action with regard to analysis pursuant to the statute of limitations. Thus, for the purposes of analyzing whether the amended complaint was brought within the applicable statute of limitations, we must look to the first instance in which suit was brought by the proper class representative for the wrongful death. The cause of action for wrongful death accrues at the time of death and is for the benefit of the statutory beneficiaries. England, 846 So.2d at 1066, 1070 (¶¶ 16, 32). The statute of limitations applicable to a wrongful death action is adopted from the statute of limitations that governs the tort that caused the death. Lee v. Thompson, 859 So.2d 981, 990(¶ 21) (Miss.2003). Here, the underlying claim of tort against the doctors for the death of the decedent is medical malpractice, which carried a two year statute of limitations. Miss.Code Ann. § 15-1-36(2) (Rev.2003). The time clock for filing such an action began on March 4, 2001, the date of Shirley Ann Tolliver Green's death. The surviving spouse or children then had two years from the date of death, until March 4, 2003, to file a complaint for wrongful death. However, no such complaint was filed until June 16, 2004, when her son, Anthony Tolliver filed the amended complaint. The applicable time period to bring an action for wrongful death had passed, and thus, the complaint against Doctors Mladineo and Hancock was time-barred.[2]
¶ 18. Mississippi statutory and case law is clear on the barring effect of the passing of a statute of limitations on an action. Miss.Code Ann. § 15-1-3 (Rev. 2003) ("The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."); Univ. of Miss. Med. Ctr. v. Robinson, 876 So.2d 337, 340(¶ 11) (Miss.2004). "This bar is a vested right which cannot be revived." Robinson, 876 So.2d at 340(¶ 11). "The running of the statute of limitations is the point where one's right to pursue a remedy is extinguished and another's vested right in the bar rises." Id. We hold that since the amended complaint was filed after the statute of limitations had run, the cause of action brought by Tolliver, on behalf of the wrongful death beneficiaries of Shirley Ann Tolliver Green, against Doctors Mladineo and Hancock was filed untimely. Therefore, we ultimately find that dismissal of the wrongful death complaint by the trial judge was warranted, although the trial judge's dismissal was based on another premise. We sit as an appellate court and are most "interested in the result of the decision, and if it is correct we are not concerned with the route  straight path or detour  which the trial court took to get *997 there." Kirksey v. Dye, 564 So.2d 1333, 1336-37 (Miss.1990). It is for these reasons we affirm the dismissal by the trial court.

II. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE CAUSE OF ACTION FOR AN ALLEGED FAILURE TO APPEAR AT DOCKET CALL
¶ 19. Tolliver initially appealed the trial court's dismissal of his complaint for his failure to attend a mandatory docket call. He argues that his counsel's one instance of failing to appear at the docket call[3] did not amount to the requisite misconduct necessary for a trial court to dismiss a lawsuit pursuant to Mississippi Rule of Civil Procedure 41(b).
¶ 20. Mississippi Rule of Civil Procedure 41(b) provides for the dismissal of a stale lawsuit for the failure of the plaintiff to prosecute the case. However, we are mindful that "the law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly." AT&T v. Days Inn, 720 So.2d 178, 180(¶ 12) (Miss.1998) (citing Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). A trial court's order of "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990). We review a trial court's dismissal pursuant to Rule 41(b) for failure to prosecute for abuse of discretion. AT&T, 720 So.2d at 180(¶ 12); Miss. Dep't of Human Servs. v. Guidry, 830 So.2d 628, 632(¶ 13) (Miss. 2002).
¶ 21. We cannot uphold a trial court's dismissal with prejudice based upon Rule 41(b) unless there is a "clear record of delay or contumacious conduct by the plaintiff ... and where lesser sanctions would not serve the best interests of justice." AT&T, 720 So.2d at 181(¶ 13) (ellipses omitted) (adopting the standard of dismissals with prejudice from the Fifth Circuit) (citing Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir.1982)); Guidry, 830 So.2d at 633(¶ 14). An affirmance of a dismissal with prejudice usually occurs when clear delay or contumacious conduct has been shown, and there is at least one other aggravating factor warranting the harshest of sanctions. AT&T, 720 So.2d at 181(¶ 13) (citing Rogers, 669 F.2d at 320). Aggravating factors supportive of a dismissal with prejudice are (1) delay caused by the plaintiff personally, (2) delay causing prejudice to the defendant, and (3) delay resulting from intentional conduct. Id.
¶ 22. Tolliver asserts that dismissal with prejudice of this case was inappropriate because there is no clear record of delay or contumacious conduct. He further argues that there exists no aggravating factors that could provide a basis for the dismissal with prejudice. Lastly, Tolliver asserts that the circuit court erred in failing to consider lesser sanctions before it dismissed his claim with prejudice.
¶ 23. The circuit court dismissed Tolliver's case, holding that a delay in prosecution had clearly occurred. The order made a factual finding that the case was a 2002 case and was already three years old at the time of the docket call. Our review of the record, however, concludes that the trial court was in error in determining that the case was three years old. The original complaint was filed on December 16, 2002 and the docket call was held on April 21, 2005. Therefore, the elapsed time between *998 the filing of the complaint and the dismissal amounted to approximately two years and five months. This error within the factual findings is unimportant, however, in the analysis of determining whether the plaintiff was dilatory in prosecuting this case. While "[t]here is no set time limit on the prosecution of an action once it has been filed," AT&T, 720 So.2d at 180(¶ 12), an action must, at some point in time, be prosecuted after its filing or dismissed. The significant question that must be asked in determining whether a plaintiff has engaged in dilatory behavior concerns the activity occurring in the case after it has been filed. After the complaint was first filed in December of 2002, and then amended to substitute the plaintiff on June 16, 2004, little activity occurred in the case until the order of dismissal was entered on April 27, 2005. The last activity occurring in the case was on September 1, 2004 when the Appellant's first attorney withdrew and attorney Carter was substituted as counsel. Then, on April 21, 2005, Tolliver's counsel failed to appear at the mandatory docket call despite being sent a notice of the call warning that "failure to attend will result in the dismissal with prejudice of cases and/or sanctions." The time between the change in counsel and the docket call amounted to seven months wherein activity on the case lay entirely dormant. We find that the record sufficiently shows a clear record of delay.[4]
¶ 24. For an appellate court to affirm a dismissal with prejudice based on a record of clear delay or contumacious conduct, an aggravating factor is usually present. Our supreme court has held that if the plaintiff personally contributed to the delay, that this action can warrant dismissal with prejudice of his case. In this case, we find that delay in this case was caused by the plaintiff(s) personally. Malone, the decedent's brother, first filed this suit without standing. Only after the defense filed motions to dismiss the suit for Malone's lack of standing, did the correct plaintiff, Tolliver, come forward to amend the complaint. However, as we found supra, by the time the amended complaint was filed by Tolliver, the statute of limitations had already run. We have held before that a plaintiff's "delay ... caused by omission, not commission" warrants dismissal with prejudice. Hine, 911 So.2d at 1007(¶ 25). By failing to properly and timely bring the suit, Tolliver delayed the suit from going forward and thus personally contributed to delay.
¶ 25. We understand the frustration that some trial judges experience in managing their increasing caseloads. Dismissals for failure to comply with a court's order and docket procedure is a sanction a trial court may impose in certain circumstances. However, we recognize that a dismissal of an action is a drastic remedy which should be used only in extreme situations. In this case, the trial court warned that sanctions and/or a dismissal with prejudice would occur for failure to attend the mandatory mass docket call. The court utilized this sanction to articulate the seriousness of failure to appear at a docket call. When considering the plaintiff's motion for reinstatement, the trial court considered the explanations provided by plaintiffs, *999 found the absence to be inexcusable, and upheld its decision to dismiss the case for failure to prosecute. In this particular case, we find the trial court's decision understandable in an effort to rid its docket's accumulation of unprosecuted or stale cases. Therefore, we affirm the circuit court's dismissal with prejudice. However as a practical matter, our reversal of the circuit court's denial of the Doctors' motions to dismiss based on lack of standing alleviates our need for making this finding.

CONCLUSION
¶ 26. While we affirm the trial court's dismissal of the complaint in the case with prejudice for counsel's failure to attend a special civil docket call, this finding is not dispositive of this appeal. Our review of the appellee's issue on cross-appeal concludes that dismissal of this case was warranted on another ground. The trial judge should not have allowed substitution of party plaintiffs in this case. Because the correct party did not initially file the lawsuit for the wrongful death of Shirley Ann Tolliver Green, the complaint was never properly filed. Once the proper party plaintiff, Tolliver, filed his amended complaint on behalf of the wrongful death beneficiaries, the statute of limitations had already expired. Thus, the claim was time-barred and dismissal of the complaint was warranted. For these reasons, the judgment of the circuit court dismissing the suit against Doctors Mladineo and Hancock is affirmed.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF DISMISSAL WITH PREJUDICE IS AFFIRMED AND THE DENIAL OF APPELLEE/CROSS-APPELLANT'S MOTION TO DISMISS IS REVERSED AND VACATED ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT/CROSS-APPELLEE.
CHANDLER, GRIFFIS, ISHEE, ROBERTS, AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J. KING, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.
IRVING, J., Dissenting:
¶ 28. The majority pretermits a discussion of the merits of the basis for the dismissal of this case by the trial judge and decides it on the basis of the cross-appeal. The trial court dismissed Tolliver's case because no one responded at the docket call when the case was called. The cross-appeal alleges that the trial court erred in allowing the amended complaint, because the plaintiff, at that time, had no standing to bring the initial action. In my judgment, under the unique facts of this case, the trial court erred when it dismissed the complaint because plaintiff's counsel failed to respond at the docket call. I also think the majority errs in affirming the trial court, albeit on a different ground. Therefore, I respectfully dissent.
¶ 29. The wrongful death statute provides in pertinent part:
The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a *1000 sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.
Miss.Code Ann. § 11-7-13 (Rev.2004) (emphasis added).
¶ 30. This suit was initiated by Michael Malone, brother of the decedent, Shirley Ann Tolliver Green. While the stated code section, by its express terms, permits a brother to bring a wrongful death action for the death of his sister, subsequent case law makes it clear that if the sister leaves a spouse or child, the spouse or child is the proper person to bring the action, as they would be the sole wrongful death beneficiaries. See In re Estate of Moreland, 537 So.2d 1337, 1340 (Miss.1989); Partyka v. Yazoo Dev. Corp., 376 So.2d 646, 648 (Miss.1979).
¶ 31. I do not believe it was necessary to file an amended complaint in this case. Malone should have been allowed to substitute Green's son, Anthony Tolliver, in his place under the authority of Rule 17 of the Mississippi Rules of Civil Procedure and thereby not implicate the statute of limitations. Therefore, I would find that the trial court reached the right result in allowing the substitution of Tolliver, but that the plaintiff, Malone, utilized the wrong vehicle in seeking the substitution.
¶ 32. Rule 17 provides in part:
(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

M.R.C.P. 17(a) (emphasis added).
¶ 33. Of special interest is the comment to this Rule:
The second sentence of Rule 17(a) contains a specific enumeration of a number of persons who are real parties in interest; the purpose of this listing is to provide guidance in cases in which it might not be clear who the real party in interest is and to emphasize the fact that he might not be the person beneficially interested in the potential recovery. Of course, the rule presumes that applicable substantive laws of Mississippi give the persons named in the rule the right to sue. ...
M.R.C.P. 17(a) cmt.
¶ 34. Rule 17 should be interpreted in light of Rule 19, which addresses the identity of persons needed for just adjudication:
(a) Persons to Be Joined if Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical *1001 matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.
M.R.C.P. 19.
¶ 35. While I think that, in light of existing case law, Malone should never have brought this wrongful death action, I do not believe it was improper to allow the substitution of one of the real parties in interest, and I certainly do not believe that dismissing the case with prejudice was the correct result. Dismissal with prejudice is a draconian measure and should be employed only in rare circumstances. See Dinet v. Gavagnie, 948 So.2d 1281, 1285(¶ 12) (Miss.2007). This is not one of those circumstances. The complaint makes it clear that the action is brought for the benefit of the wrongful death beneficiaries, although those beneficiaries are not named. But for the running of the statute of limitations in this case, the defendants may very well have faced additional litigation from the real parties in interest, that is Green's wrongful death heirs, a fact alluded to in Rule 19.
¶ 36. I turn briefly to why I think the trial judge erred in dismissing the complaint for failure of plaintiff's counsel to answer the case at docket call. The record reflects that an attorney from the office of the firm that was representing Tolliver was in fact at the docket call but did not respond because the docket calendar listed the name of the wrong attorney. The attorney who appeared at the docket call on behalf of the firm was relatively new in the firm and did not recognize the case because his firm's name was not attached to it on the docket calendar. Under these unique facts, I would find that the trial judge abused his discretion in dismissing the case with prejudice. Further, I am not persuaded that the trial judge's letter to the bar advising of the court's intention to dismiss cases with prejudice if no one appeared at the docket call with authority to speak on behalf of the listed attorney passes muster under Rule 41 of the Mississippi Rules of Civil Procedure. In the absence of the letter being approved by the Mississippi Supreme Court as a local rule or procedure, I believe the proper procedure for dismissing actions for failure to prosecute is set forth in Rule 41.
¶ 37. I am aware of Cucos, Inc. v. McDaniel, 938 So.2d 238 (Miss.2006), where the Mississippi Supreme Court seems to indicate that notwithstanding the requirements of Rule 41, a trial court has the inherent authority to control its own docket. Id. at 243 (¶ 14). However, in Cucos, the court noted that in such situations, two "competing policy considerations" must be balanced:
The court must weigh the great social interest in provision of every litigant with his day in court and the attempt to not deprive the plaintiff of that opportunity for technical carelessness or unavoidable delay ... [and the] achievement of the orderly expedition of justice and control by the trial court of its own docket.
Id. It can hardly be said that the plaintiff had abandoned prosecution of his case when there was a good faith effort to comply with the mandate of the court's letter but such compliance failed due to a mixup with the listing of the proper attorney for the plaintiff. I believe, on the *1002 facts of this case, the first policy consideration outweighs the latter. In any event, there was no balancing of the policy considerations by the trial judge.
¶ 38. For the reasons presented, I dissent. I would reverse and remand this case for a hearing on the merits.
LEE, P.J., JOINS THIS OPINION.
NOTES
[1] The appellant represents to this Court that an attorney was designated to appear on behalf of the attorney of record and was present at the April 21, 2004 docket call. However, due to a clerical mistake on the docket sheet, the appellant's former attorney was listed as the attorney of record. Thus, when the docket was called, the designated attorney did not appear and as a result, the case was dismissed with prejudice. We find this representation irrelevant, however, as the fact remains undisputed that no one appeared for the plaintiffs when the docket was called for the case.
[2] Furthermore, we note that dismissal of the amended complaint was warranted for failure to comply with the statutory guidelines of Mississippi Code Annotated sections 11-1-58 (Supp.2006) and 15-1-36(15) (Rev.2003). An amended complaint, improperly amended, will not relate back to the original time of filing. Bedford Health Props., LLC v. Estate of Williams, 946 So.2d 335, 355 (¶¶ 58, 60) (Miss.2006). Thus, if the improperly amended complaint is filed after the statute of limitations has run, it does not relate back to the filing of the original complaint, and therefore, the statute of limitations bars the suit. Curry v. Turner, 832 So.2d 508, 512-513 (¶ 11) (Miss.2002).
[3] See supra note 1.
[4] We note that "the test for dismissal under Rule 41(b) does not require contumacious conduct." Hine v. Anchor Lake Prop. Owners Ass'n, 911 So.2d 1001, 1005 (¶ 14) (Miss.Ct. App.2005). "Rather, the test is whether there is a clear record of delay or contumacious conduct by the plaintiff." Id. (emphasis added). Contumacious conduct has been defined as "willfully stubborn and disobedient conduct, commonly punishable as contempt of court." BLACK'S LAW DICTIONARY 330 (6th ed.1990). "[W]here a clear record of delay has been shown ... there is no need for a showing of contumacious conduct." Id.