FAIR, J.,
for the Court:
¶ 1. Demario Walker has been incarcerated since 2002. He has filed over forty non-habeas lawsuits for perceived mistreatment while incarcerated. Most of them were dismissed voluntarily. In two of these lawsuits, Attorney William Allen had represented Jefferson Davis County and its board of supervisors against Walker’s claims. In 2009, Walker filed a lawsuit against Allen. Walker appeals from the trial court’s order dismissing his complaint with prejudice for failure to prosecute. We find that the trial court did not abuse its discretion in dismissing Walker’s claim after two years of inactivity. Therefore, we affirm.
FACTS
¶ 2. On February 26, 2009, Walker filed a complaint against Allen in the Forrest County Circuit Court, alleging legal malpractice, bad faith, and fraud. Allen filed his answer on October 19, 2009. On November 9, 2009, Walker filed a response to Allen’s motion for a change of venue. There was no further activity in the suit until March 25, 2011, when Allen filed a motion to dismiss for Walker’s failure to state a claim. Walker never responded to the motion. As a result, Allen also filed a motion to dismiss for failure to prosecute on November 22, 2011. On January 19, 2012, after two years of inactivity by Allen and in response to a “stale case” letter, Walker filed a motion for continuance and the case was called up for consideration of all pending motions. After a hearing on Allen’s motions, the trial court dismissed his case with prejudice. We find dismissal on that ground to be proper and affirm.
*1113 STANDARD OF REVIEW
¶ 3. “We employ an abuse-of-discretion standard when reviewing a trial court’s dismissal for failure to prosecute pursuant to Rule 41(b).” Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 196 (¶ 16) (Miss.2010) (citing Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (¶ 6) (Miss.1998)).
DISCUSSION
¶ 4. Mississippi Rule of Civil Procedure 41(b) allows a defendant to move for the dismissal of an action when a plaintiff fails to prosecute. “Rule 41(b) embodies the tenet that any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court’s control of its own docket.” Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 17) (Miss.2009) (quotation and citations omitted).
¶ 5. The supreme court has adopted the standard promulgated by the Fifth Circuit for review of dismissals with prejudice for failure to prosecute under Rule 41(b). See Am. Tel. & Tel. Co., 720 So.2d at 181 (¶¶ 12-13) (citing Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982)). Once an action has been filed, there is no set time limit for prosecution. Id. at 180 (¶ 12). Therefore, what constitutes failure to prosecute is determined on a case-by-case basis. Id. at 181 (¶ 12) (citation omitted). The propriety of a dismissal with prejudice is strengthened by the presence of aggravating factors, including: (1) “the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay,” (2) “the degree of actual prejudice to the defendant,” and (3)“whether the delay was the result of intentional conduct.” Id. at (¶ 13) (quotation omitted).
¶ 6. Walker asserts that dismissal of this case with prejudice was inappropriate. At the hearing on Allen’s motions to dismiss, Walker stated that he had not taken action in over two years because he was waiting for the court to enter a default judgment. However, Walker’s. default judgment motion was filed on November 9, 2009, the same day as his response to Allen’s motion for a change of venue. In addition, Allen had already filed an answer to Walker’s complaint on October 19, 2009. Clearly, Walker’s pro se motion for a default judgment was without merit.
¶ 7. In Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So.2d 989, 999 (¶ 25) (Miss.Ct.App.2007), this Court upheld a trial court’s dismissal after two years and five months of sparse activity. We stated that “[t]he significant question that must be asked in determining whether a plaintiff has engaged in dilatory behavior concerns the activity occurring in the case after it has been filed.” Id. at 998 (¶ 23). Finding that the record showed a clear delay on the plaintiffs behalf, this Court affirmed the trial court’s dismissal with prejudice. See id.
¶ 8. Similarly, in this case, the trial court did not abuse its discretion in dismissing Walker’s claim with prejudice based on two years of inactivity. The record shows that Walker was responsible for the delay and that the delay was, in fact, intentional. Walker admitted that he failed to take any action for over two years. “We find the trial court’s decision understandable in an effort to rid its docket’s accumulation of unprosecuted or stale cases.” Tolliver, 987 So.2d at 999 (¶ 25). For these reasons, the judgment of the trial court dismissing the suit against Allen is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS *1114 APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.